IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONALD NELSON LOCKWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 192 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Ronald Nelson Lockwood ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying him supplemental security income under Title XVI of the Social Security Act. For the reasons discussed more fully below, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 12] and the Commissioner's motion for summary judgment is hereby denied [dkt. 23].

**STATEMENT**

Plaintiff, a 54-year-old man with no substantial employment history, applied for disability insurance benefits on August 23, 2011, and supplemental security income on January 6, 2012, under Titles II and XVI of the Social Security Act. (Administrative Record ("R.") at 193, 195.) He alleged that he has been disabled since November 15, 2008, due to bulging discs in his lower back and neck disc problems. (R. at 77.) Plaintiff's application was denied by the Social Security Administration ("Administration") on April 25, 2012, after Plaintiff failed to attend a consultative examination to provide the Administration with evidence of his disability.

(R. at 129.) Plaintiff requested reconsideration of the Administration's decision on June 1, 2012. (R. at 130.) The Administration, after obtaining and reviewing medical evidence of Plaintiff's impairments, denied the request on October 9, 2012, stating that although Plaintiff's condition caused somewhat restricted his functional capabilities, he was still capable of performing a reduced range of light work. (*See* R. at 139.) After his reconsideration request was denied, Plaintiff on November 16, 2012, requested a hearing in front of an Administrative Law Judge ("ALJ") to again appeal the Administration's decision. (R. at 141.) His request was granted, and a hearing in front of an ALJ was held on May 28, 2013. (R. at 34.)

Plaintiff testified at the hearing that, for much of his life, he suffered from migraine headaches that prevented him from gaining employment. (R. at 48.) In approximately 2008, the migraines began to subside, and Plaintiff started his own "rehabbing business." (R. at 48.) On November 15, 2008, Plaintiff had a slip and fall, which caused him severe back and neck pain. (R. at 48-49.) Plaintiff stated that he had not sought treatment for his injuries until approximately six months before his hearing with the ALJ because he lacked medical insurance; however, he admitted that he had not sought out any free or reduced cost treatment, stating that he was not aware that such treatment was available to him. (R. at 49-50.)

At the time of the hearing, Plaintiff was treating at Woody Winston Health Center with Dr. Sophia Chin; Plaintiff testified that his treatment at Woody Winston was free or reduced cost. (R. at 50, 53.) Despite a referral for physical therapy, Plaintiff was afraid to go to physical therapy because he did not want anyone "touching me back there in my neck area" because he had "enough problems as it is" without "somebody touch[ing] [him] wrong." (R. at 55.) Plaintiff also stated that the medication Dr. Chin had prescribed to him was not working, but that

he was attempting to get a referral to the pain management clinic at Stroger Hospital and had not been able to get that approved. (R. at 54, 67.)

Following the hearing, the ALJ determined, *inter alia*, that: 1) Plaintiff had not engaged in substantial gainful activity since August 18, 2011; 2) Plaintiff's severe impairments include bulging discs of the lumbosacral spine with lumbosacral radiculopathy and cervical spine disc impairment; 3) Plaintiff's impairments do not meet, either individually or in combination, the severity requirements of the listing in 20 CFR 404, Subpart P, Appendix 1; 4) the Plaintiff has the Residual Functional Capacity ("RFC") necessary to perform light work as defined in 20 CFR 404.1567(b), as long as he never climbs ropes, ladders, or scaffolds, only occasionally climbs ramps and stairs, only occasionally stoops, kneels, crouches, crawls, or reaches bilaterally overhead, but that he can frequently balance; and 5) given the Plaintiff's RFC, age, education, and work experience, the ALJ believed that there are jobs in significant number that Plaintiff can perform. (R. at 20-29.)

In making his RFC ruling, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but that the Plaintiff's claims regarding "the intensity, persistence and limiting effects of those symptoms are not entirely credible." (R. at 24.) According to the ALJ, the Plaintiff's testimony regarding the "location, duration, and intensity of pain" was "not wholly credible" because "[t]he treatment he has sought does not correspond with the disabling distress alleged." (R. at 26.) As proof of this finding, the ALJ cited: 1) Plaintiff's failure to pursue free treatment available to him until six months before his hearing, 2) Plaintiff's failure to go to physical therapy, despite having a referral, and 3) that Plaintiff "submitted referral documents for Stroger Hospital, where he could seek pain management, but has not gone." (R. 26.)

The ALJ also "considered other factors, such as the claimant's vocational history." (R. 26.) The ALJ ruled that he was "not persuaded by the claimant's explanation of migraine headaches were of a frequency and severity that precluded all work," and that "[g]iven his long history of unemployment, it seems reasonable that his current unemployment cannot solely be attributed to medical conditions." (R. at 26-27.)

After the ALJ's unfavorable ruling, Plaintiff appealed to the Appels Council of the Office of Disability Adjudication and Review, which denied his request to review the ALJ's decision. A.R. 1. Plaintiff then appealed to this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Pl. Brief 1.

## DISCUSSION

### I. Standard of Review

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act, if it is supported by substantial evidence, and if it is free of legal error. *See* 20 C.F.R §§ 404.1520(a), 416.920(a); 42 U.S.C. § 405(g). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). This standard is satisfied even if the ALJ makes only a "minimal[] articulat[ion of her] justification." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).

### II. The ALJ's "Credibility" Determination Was Flawed

Plaintiff alleges that the ALJ's assessment of Plaintiff's credibility is incorrect because the ALJ failed to give appropriate weight to Plaintiff's reasons for not seeking further medical

4

treatment and his explanations of his employment history. Pl. Brief 10. An ALJ's credibility determination must be supported by substantial evidence and may be overturned only if it is "patently wrong." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013); *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2010). Even then, the ALJ still must adequately explain her credibility determination "by discussing specific reasons supported by the record." *Pepper*, 712 F.3d at 367 (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)). Failure to do so may be grounds for reversal. *Id.* (relying on *Bjornson v. Astrue*, 671 F.3d 640, 649 (7th Cir. 2012)).

## A. Failure to Obtain Medical Treatment

"Failure to obtain medical treatment can support an adverse credibility finding where the claimant does not have good reason for not seeking treatment." *Crawford v. Astrue*, 633 F. Supp. 2d 618, 632 (N.D. Ill. 2009). According the SSR 16-3p,[1] the Commissioner "will not find an individual's symptoms inconsistent with the evidence" due to a lack of treatment "without considering possible reasons he or she may not comply with the treatment or seek treatment consistent with the degree of his or her complaints." Such reasons include that the Plaintiff "may not be able to afford treatment and may not have access to free or low-cost medical services," or he "may have structured his . . . activities to minimize symptoms to a tolerable level by avoiding physical activities . . . that aggravate his . . . symptoms." SSR 16-3p.

---

[1] The Social Security Administration (the "Administration") has recently updated its guidance about evaluating symptoms in disability claims. *See* SSR 16-3p, 2016 WL 1119029 (effective March 28, 2016). The new ruling eliminates the term "credibility" from the Administration's sub-regulatory policies to "clarify that subjective symptom evaluation is not an examination of the individual's character." *Id.* at *1. Though SSR 16-3p post-dates the ALJ hearing in this case, the application of a new social security regulation to matters on appeal is appropriate where the new regulation is a clarification of, rather than a change to, existing law. *Pope v. Shalala*, 998 F.2d 473, 482-483 (7th Cir. 1993), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999). A comparison of the old ruling the new interpretation ruling reveals substantial consistency, both in the two-step process to be followed and in the factors to be considered in determining the intensity and persistence of a party's symptoms. *Compare* SSR 16-3p *and* SSR 96-7p. Stated differently, "[t]he agency has had only one position, although it has expressed that position in different words." *Homemakers N. Shore*, 832 F.2d at 413. Therefore, it is appropriate to evaluate [Plaintiff's credibility argument/the ALJ's evaluation of Plaintiff's subjective complaints] in light of the new guidance the Administration has provided.

In this case, the ALJ failed to properly consider the possible reasons that the treatment Plaintiff "sought does not correspond with the disabling distress alleged." First, regarding Plaintiff's failure to seek the free or reduced-cost treatment available to him, the ALJ did not consider the fact that Plaintiff was unaware that such treatment options existed. Plaintiff's testimony at the hearing demonstrated that it was not just a lack of medical insurance that caused him to delay seeking treatment; instead, it was a lack of medical insurance coupled with ignorance of the free treatment avenues available to him. Although the ALJ was within her rights to reject this explanation, she was not at liberty to ignore it completely. The ALJ did not mention this testimony or explore how it might affect the treatment that Plaintiff received for his back injury. By failing to do so, the ALJ committed an error and must be reversed.

Similarly, the ALJ failed to consider the Plaintiff's reasons for not pursuing physical therapy. The Plaintiff did not choose to avoid physical therapy because he believed that his symptoms were not severe enough to require it. Instead, he testified that he was afraid that physical therapy would cause his symptoms to get worse, and that being touched on his back and neck would cause him additional pain. In other words, he was afraid that engaging in physical therapy would aggravate his symptoms. Again, the ALJ could have rejected Plaintiff's explanation, but she was not permitted to ignore it altogether. By failing to consider the Plaintiff's fear of aggravation from the physical therapy, the ALJ did not consider all of the reasons that Plaintiff did not "seek treatment consistent with the degree of his . . . complaints." Her failure to do so requires reversal.

Finally, the ALJ's statement that Plaintiff had "submitted referral documents for Stroger Hospital, where he could seek pain management, but has not gone" misstates and mischaracterizes Plaintiff's testimony. Plaintiff testified that he was trying to get treatment from

6

the pain specialists at Stroger Hospital, but had not "heard back from my referrals yet." (R. at 67.) Clearly, the ALJ's credibility finding was based on the incorrect premise that Plaintiff could have received treatment at Stroger Hospital, but simply chose not to do so. Instead, Plaintiff was attempting to get treatment, but had not been able to do so until his referral for pain management treatment was accepted. As such, the ALJ's credibility determination was flawed and based on a faulty assumption. Because the ALJ's conclusions regarding Plaintiff's treatment, or lack thereof, failed to take into account many of the factors listed in SSR 16-3p, the ALJ's decision must be reversed.

B. **Plaintiff's Work History**

"Adjudicators must limit their evaluation to the individual's statements about his or her symptoms *and the evidence in the record that is relevant to the individual's impairments*." SSR 16-3p (emphasis added). "In evaluating an individual's symptoms, [the Social Security Administration's] adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." *Id.* Here, the ALJ considered the Plaintiff's vocational history and decided that she was "not persuaded by the claimant's explanation of migraine headaches were of a frequency and severity that precluded all work, [and] reduced in number in 2008, shortly before the claimant's injury while running his own business." (R. 26-27.) Based on this finding, the ALJ concluded that "it seems reasonable that his current unemployment cannot solely be attributed to his medical conditions." (R. at 27)

This analysis is wrong for two reasons. First, the Plaintiff's history of migraines is in no way relevant to the impairments that form the basis of his claims for disability benefits, namely, neck and back pain. By considering them, the ALJ was not limiting her evaluation to the relevant evidence, as required by the SSR 16-3p. Second, the ALJ's finding stated that she did

not believe Plaintiff's explanation regarding migraines, and that there must be some other unnamed reason for Plaintiff's lack of work history. Essentially, the ALJ was making a finding that the Plaintiff was not truthful and based her conclusions on that finding. By rejecting the Plaintiff's explanation for his pre-2008 unemployment simply because she did not believe the Plaintiff to be honest, and then stating that his post-2008 unemployment "cannot solely be attributed" to his back pain, it appears to this Court that the ALJ was implying that some other factor – laziness, dishonesty, another undisclosed medical condition – was the true reason for Plaintiff's unemployment. This is precisely the type of character evaluation that SSR 16-3p prevents ALJs from making. By making this improper character finding determination, and focusing on issues that are irrelevant to Plaintiff's impairments, the ALJ was in clear violation of the Social Security Administration's recent policy interpretation ruling, and must all be reversed on these grounds.[2]

## CONCLUSION

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 12] and the Commissioner's motion for summary judgment is hereby denied [dkt. 23].

**ENTER:**
**DATED:** May 9, 2016

Susan E. Cox

United States Magistrate Judge

---

[2] Because it is unclear how the ALJ's improper credibility findings affect the other issues raised by the Plaintiff such as the accuracy of the RFC finding, and issues related to the Vocational Expert's testimony, the Court will not reach those issues here.